IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, )<br>Petitioner, ) | | Civil Action No. 13-47 Erie |
| )<br>v. ) | | Chief Judge Sean J. McLaughlin |
| ) | | Magistrate Judge Susan Paradise Baxter |
| SCI FOREST, )<br>Respondent. ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Jordan Heath is a state prisoner in custody for crimes he committed in Philadelphia County. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a judgment of sentence imposed by the Court of Common Pleas of Forest County for a summary offense he committed while in prison. Because Heath did not receive a custodial sentence on the state judgment that he is challenging, the Court lacks subject matter jurisdiction. Therefore, it is respectfully recommended that the petition be summarily dismissed and that a certificate of appealability be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

### II.    REPORT

#### A.    Relevant Background

Heath is confined at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"). The records that are available to the public at SCI-Albion, of which this Court shall take judicial notice, establish that he is serving judgments of sentences imposed by the Court of Common Pleas of

1

Philadelphia County at Criminal Docket Nos. CP-51-CR-2983-2011, CP-51-CR-1582-2009, CP-51-CR-883-2009, and CP-51-CR-6902-2009.

In 2010, Heath assaulted an officer when he was confined in an institution located in Forest County. He was charged in the Court of Common Pleas of Forest County with Aggravated Harassment by a Prisoner, in violation of 18 Pa.C.S. § 2703.1, and Disorderly Conduct, in violation of 18 Pa.C.S. § 5503. On April 11, 2012,[1] Heath pleaded guilty to the summary offense of Disorderly Conduct. The remaining count was nolle prossed. According to Heath, the Court of Common Pleas of Forest County imposed a sentence of "payments/fines/fees." [ECF No. 7 at 1]. See also Criminal Docket Sheet for Commonwealth v. Heath, CP-27-CR-80-2010 (C.P. Forest).

On April 10, 2013, this Court granted Heath leave to proceed *in forma pauperis* and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed. In the petition, Heath challenges the Court of Common Pleas of Forest County's April 11, 2012, judgment of sentence. [ECF No. 7 at 1]. His first claim is that "the officer made a statement on paper saying that I assaulted him…. [T]hen when Todd Woodin [defense counsel] question[ed] him he fabricated and said he was unsure if I either assaulted him or not." [ECF No. 7 at 5]. In his second claim, he contends: "I was denied a trial hearing by Forest County Judge. I was never charged up, fingerprinted, nor have I seen the state troopers. I wasn't notified of any criminal charges." [ECF No. 7 at 15]. As relief, Heath asks this Court to direct "the officer/SCI Forest Adm." to write him "a letter of apology." He also asks that the Court direct the officer to pay his court fees and pay him $5,000-$10,000. [ECF No. 7 at 15].

---

[1] In the petition, Heath lists the date of the state court's judgment of sentence as April 11, **2013**. That is an obvious typographical error, since Heath commenced proceedings in this Court before that date. Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases at http://ujsportal.pacourts.us and this Court may take judicial notice of them. The Court of Common Pleas of Forest County's docket sheet confirms that it imposed its judgment of sentence on April 11, **2012**.

**B.    Discussion**

28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Heath is not "in custody" pursuant to the judgment of the Court of Common Pleas of Forest County because that court did not issue a custodial sentence. Rather, it ordered that Heath make "payments/fines/fees." [ECF No. 7 at 1]. Because Heath is not "in custody" as a consequence of the state court judgment that he is challenging in his habeas petition, the petition must be summarily dismissed for lack of jurisdiction. United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971) (the petitioner was challenging a conviction on a count for which the sentence was suspended; although he was imprisoned on other counts, the federal court lacked jurisdiction over his habeas petition since he was not detained pursuant to the conviction he was challenging); Wells v. Varner, 392 F.App'x 914, 917-19 (3d Cir. 2010) (the "in custody" prerequisite was not met because the petitioner, who was serving a life term for murder, was challenging a conviction on a count for which the sentence was suspended; quoting Dessus, 452 F.2d at 561, for the proposition that "this court is 'without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence.'"); Barry v. Bergen Co. Probation Dep't, 128 F.3d 152, 160 (3d Cir. 1997) ("courts continue to recognize that this custody requirement is designed to limit the availability of habeas review to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate. Accordingly, several courts have held that the imposition of a fine or restitution does not constitute custody.") (internal citations and quotation marks omitted). See also Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The

custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)).

Heath's request for relief demonstrates that he cannot pursue his challenges to his Disorderly Conduct conviction in a federal habeas petition. This Court does not have the authority to grant his request for money damages or an apology. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action). See also Federal Habeas Manual § 1:8 ("In addition to the petition being in custody when the petition is filed, his claim must assert the right to be released.").

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here,

jurists of reason would not find this Court's decision debatable. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Heath is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  April 29, 2013

cc:   Sean J. McLaughlin
      Chief United States District Judge